THE STATE, EX REL. THE AMERICAN MORTGAGE CO., *v.*
ROETTINGER, JUDGE.

*Mandamus—Setting aside order of sale in foreclosure—Section
11690, General Code—Failure by relator to deposit judg-
ment and costs with clerk.*

A writ of mandamus will not lie, under favor of Section
11690, General Code, which provides that at any time
before confirmation of sale the debtor may redeem his
property by depositing with the clerk of the court the
amount of the judgment, to compel a judge of the com-
mon pleas court to enter on the journal an order setting
aside and vacating the order of sale of certain real estate
in foreclosure proceedings pending in his court, where
the relator, on motion for an order to set aside and
vacate the judgment of sale in the foreclosure proceed-
ing, on which motion respondent has not officially acted,
claimed that the judgment and costs in the pending ac-
tion had been fully paid and presented an entry approved
by all the judgment creditors setting aside the judgment
of sale.

(Decided March 28, 1923.)

IN MANDAMUS.

*Messrs. Ritchie & Hermann,* for relator.
*Mr. Joseph Graydon* and *Mr. Chester S. Durr,*
for respondent.

BY THE COURT. This is an original action in
mandamus, brought by the relator to require the
respondent, a judge of the Court of Common Pleas
of Hamilton County, Ohio, to enter on the journal
of that court an order setting aside and vacating
the sale of certain real estate on foreclosure.
It is claimed that under the provisions of Sec-

tion 11690, General Code, the relator is entitled to the writ.

The facts are that the relator, by motion, brought to the attention of the respondent, as Judge of the Court of Common Pleas, the claim that the judgments and all costs in the action then pending before him had been fully paid and satisfied; that the relator, by its counsel, presented an entry, approved by all the judgment creditors in the case, setting aside the judgment of sale of the property.

It is urged that this brought the relator within the terms of Section 11690, General Code, which provides, among other things, that "at any time before the confirmation thereof, the debtor may redeem it [his property] from sale by depositing in the hands of the clerk of the court to which such execution or order is returnable, the amount of the judgment or judgments" and that the "court thereupon shall make an order setting aside such sale, and apply the deposit to the payment of such judgment or judgments or decree and costs * * *." It is further urged that under the circumstances of the case the respondent did not have any discretion in the matter and that it was his ministerial duty to enter the order setting aside such sale.

Counsel for respondent argue that the allowance of the writ would contravene Section 12285, General Code, which provides that judicial discretion shall not be interfered with by a writ of mandamus, and Section 12287, which provides that a writ of mandamus shall not issue when there is a plain and adequate remedy in the ordinary course of law.

The present status of the case is that the respondent has not acted officially on the motion

to set aside the sale. That motion is pending. This might be sufficient to defeat the allowance of the writ. But we do not rest our decision on that ground.

If the setting aside of the sale under Section 11690, General Code, places the court in the position of having only a ministerial act to perform, the provisions of that section should have been strictly complied with. It provides for the deposit of the amount of the judgment, or judgments, and costs, including poundage, in the hands of the clerk. If that were done, there would not be any matter before the court for determination. The amount so deposited must then be distributed, according to that section of the code.

The representation to the court that the debt has been discharged and the costs paid leaves the question open for judicial determination. Without such discharge and payment, the court would not be justified in setting aside an order of sale.

The question of payments, releases, assignments, receipts and discharges is always open to attack. The payment of the full amount of the judgment and costs to the clerk, in cash, as provided, settles all questions beyond controversy. The provisions of the statute are plain, and, undoubtedly, should the court render an adverse decision on the motion, the relator will have its remedy by a proceeding in error.

The trial court has jurisdiction, reserved to it in Section 11690, to set aside the sale for any reason for which it might have been set aside prior to the enactment of the section in question, and the action of the court in such a case would be subject to review.

The conclusion is that under the facts of the case the relator is not entitled to the writ prayed for.

*Writ denied.*

CUSHING, BUCHWALTER and HAMILTON, JJ., concur.